IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31166
Summary Calendar

_____

DAVID CUNNINGHAM,

Plaintiff-Appellant,

versus

SCHLUMBERGER WELL SERVICES,
A DIVISION OF SCHLUMBERGER TECHNOLOGY
CORPORATION; DIAMOND OFFSHORE (USA), INC.,
DIAMOND OFFSHORE DRILLING SERVICES, INC.;
HARDY OIL & GAS USA, INC.;
HALLIBURTON COMPANY; JAMES E. GUIDRY;
TONY VOVERS; AND MIKE ADAMS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1577
- - - - - - - - - -
May 27, 1997
Before DAVIS, EMILIA M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

David Cunningham argues that the district court erred in
denying his motion to remand in his Jones Act action. The
district court held that Cunningham could not possibly establish
seaman status. Cunningham also appeals the granting of summary

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

judgment in favor of Schlumberger Well Services.** Schlumberger argued that it was entitled to summary judgment given the district court's ruling on the motion to remand that Cunningham could not establish seaman status.

We have reviewed the record and the briefs on appeal and AFFIRM the district court's orders denying the motion to remand and granting the motion for summary judgment in favor of Schlumberger Well Services for essentially the same reasons set forth by the district court.  Cunningham v. Schlumberger Well Serv., a Div. of Schlumberger Tech. Corp.; Diamond Offshore (USA), Inc., Diamond Offshore Drilling Serv., Inc.; Hardy Oil & Gas USA, Inc.; Haliburton Co.; James E. Guidry; Tony Vovers; and Mike Adams, No. 96-31166 (W.D. La. Sept, 27 1996; Oct. 11, 1996).

AFFIRMED

---

** Also dismissed on the motion for summary judgment were Tony Vovers and Mike Adam, incorrectly identified as Mike Adams. Cunningham did not appeal the dismissal of these claims.  They are therefore waived on appeal. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir.), cert. denied, 513 U.S. 868 (1994).